**RONG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5803–ag.

United States Court of Appeals, Second Circuit.

March 20, 2007.

**52**

Rong Chen, Pro Se, Brooklyn, NY, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, OK, for Respondent.

PRESENT: Hon. Dennis Jacobs, Chief Judge, Hon. RALPH K. WINTER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Rong Chen, a native and citizen of the People's Republic of China, seeks review of an October 5, 2005, order of the BIA affirming the July 22, 2004, decision of Immigration Judge ("IJ") Sandy Hom denying his applications for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT"). *In re Rong Chen*, No. A78 854 193 (B.I.A. Oct. 5, 2005), *aff'g* No. A78 854 193 (Immig. Ct. N.Y. City Jul. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

The IJ rested his denial of Chen's claims for relief on three separate grounds: (1) Chen's testimony was not credible; (2) the abortion to which Chen's girlfriend was subjected was not persecution to him; and (3) Chen's claimed fear of persecution was not on account of a protected ground. However, Chen has only raised one issue before this Court, *i.e.,* whether he is eligible for relief under *Matter of C–Y–Z–*, 21 I & N Dec. 915 (BIA 1997) (asylum applicant whose spouse was forced to undergo an involuntary abortion or sterilization procedure can establish persecution on account of political opinion). He has not challenged the IJ's adverse credibility finding or the IJ's determination that he was not eligible for relief because the Chi-

nese government's motives had no nexus to a protected ground. Because Chen proceeds *pro se* in his petition, we construe his claims broadly. *See Weixel v. Board of Educ.*, 287 F.3d 138, 145–46 (2d Cir.2002). However, even under that standard, Chen has not challenged the IJ's adverse credibility finding. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir.1994))). Because Chen has failed to challenge these findings before this Court and addressing this argument is not necessary to avoid manifest injustice, we deem these arguments waived. The unchallenged findings are dispositive in this case, and we therefore uphold the agency's denial of relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).