PING XU, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Immigration and Naturalization Service, Respondent.

No. 06–5849–ag.

United States Court of Appeals, Second Circuit.

July 12, 2007.

Ping Xu, pro se, Elmhurst, New York, for Petitioner.

Peter D. Keisler, Asst. Atty. General, Leslie McKay, Senior Litigation Counsel, Janice K. Redfern, Atty., Office of Immigration Litigation, Civil Division, United States Department of Justice, Wash., D.C. for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Ping Xu, a citizen of the People's Republic of China, seeks review of a November 28, 2006, order of the BIA denying her motion to reopen removal proceedings. *In Re Ping Xu,* No. A77 121 548 (B.I.A. Nov. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994))). Even construing her *pro se* brief broadly, we conclude that Xu has failed to sufficiently argue before this Court that the BIA erred in denying her motion to reopen to the extent that it was based upon ineffective assistance of counsel. Because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived.

"[A] party may file only one motion to reopen deportation or exclusion proceedings ... and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2). Xu's motion was untimely under this general rule.

However, section 1003.2(c)(3)(ii) affords an exception to this rule for people seeking asylum based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." The BIA did not abuse its discretion in holding that this exception did not apply to Xu's case, and that her motion to reopen was therefore untimely. Xu alleged before the BIA no changed circumstance in China; rather, she claimed a change in personal circumstances in the United States. This " 'evidence ... does not fit under the exception set forth in 8 C.F.R. § [100] 3.2(c)(3)(ii).' " *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (quoting *Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003)).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).