Marc J. ANDERSON & Jeffrey E. Grubb, Plaintiffs–Appellants,

v.

Dennis BRANEN, Ross Kindestin, Defendants,

Ed Wisniefski, Defendant–Appellee.

No. 719, Docket 93–6179.

United States Court of Appeals, Second Circuit.

Petition for Rehearing Filed April 13, 1994.

Decided June 10, 1994.

Joseph F. Tringali, Nicholas Even, Simpson Thacher & Bartlett, William B. Rubenstein, Ruth E. Harlow, American Civ. Liberties Union Foundation, Arthur Eisenberg, New York Civ. Liberties Union, New York City, for appellants.

Frank W. Hunger, Asst. Atty. Gen., Barbara L. Herwig, Asst. Director, Appellate Staff, R. Joseph Sher, Pierre R. St. Hilaire, Dept. of Justice, Washington, DC, Mary Jo White, U.S. Atty., for the Southern District of New York, New York City, for appellee.

Before: MESKILL, ALTIMARI and WALKER, Circuit Judges.

---

PER CURIAM:

In *Anderson v. Branen,* 17 F.3d 552 (2d Cir.1994), a civil rights action brought against three agents of the Drug Enforcement Administration, we affirmed in part, reversed in part and remanded for a new trial following a jury verdict and judgment entered in favor of defendant-appellee Ed Wisniefski. Specifically, we remanded the matter for a new trial because the district court failed to charge the jury on the duty of a law enforcement officer to intercede on behalf of a citizen whose constitutional rights are being violated by fellow officers. *Id.* at 558. Wisniefski petitions for rehearing, *inter alia,* on the ground that the plaintiffs failed properly to plead the duty to intercede theory in their complaint, an argument advanced for the first time on rehearing. We assume familiarity with our underlying decision in *Anderson* and write only to address Wisniefski's heretofore unraised claim that the duty to intercede is not properly in this case.

■ Wisniefski's failure to raise this argument with us or the district court obviates any need on our part to address the merits of his petition. Once again, we find ourselves forced to remind a litigant that " 'an argument not raised on appeal is deemed abandoned,' and we will not ordinarily consider such an argument unless 'manifest injustice otherwise would result.' " *United States v. Quiroz,* 22 F.3d 489, 490 (2d Cir.1994), (citations omitted) (argument raised for the first time on petition for rehearing will be deemed waived); *see also United States v. Babwah,* 972 F.2d 30, 34 (2d Cir.1992); *Herrmann v. Moore,* 576 F.2d 453, 455 (2d Cir.), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978).

■ Here, Wisniefski seeks to rehabilitate the district court's refusal to charge on plaintiffs' duty to intercede theory by claiming that plaintiffs' failure to plead that theory in their complaint eliminates their right to such a charge. The record indicates, however, that neither Wisniefski nor his co-defendants raised this argument with the district court in successfully opposing the duty to intercede charge at trial. We can find no indication, moreover, that the district court refused to charge on the duty to intercede because it

believed that theory of liability was not properly in the case. Rather, the record is clear that the refusal to charge on the duty to intercede was predicated exclusively on the district court's conclusion that the plaintiffs adduced insufficient evidence at trial to warrant such a charge. That conclusion, a conclusion we ultimately disagreed with, framed the issue of the underlying appeal. *See* 17 F.3d at 557. Indeed, Wisniefski never so much as hinted on appeal, in his submissions or at oral argument, that this newly found, alternative ground existed to justify the exclusion of the duty to intercede instruction. We refuse, therefore, to consider the merits of Wisniefski's claim that the plaintiffs' failure expressly to plead the duty to intercede theory contravenes our underlying decision in this case.

Furthermore, we find no basis on which to conclude that our refusal to consider this argument would result in a manifest injustice. Indeed, our decision to remand the matter for a new trial provides the parties with an opportunity to argue the issue before the district court should the district court deem it worthy of consideration during future proceedings. We hold, therefore, that Wisniefski, like other litigants who have failed to heed our repeated warnings concerning waiver of arguments not raised on the underlying appeal, has abandoned his contention that the duty to intercede theory was not properly pled for purposes of this appeal. The petition for rehearing is denied.

## CONCLUSION

For the reasons stated above, the petition for rehearing is denied.