Joshua J. COVELL, Individually as an Infant under the Age of Eighteen Years, by and through his Parent and Natural Guardian, Deborah Barr Johnson, Katrina M. Barr, Individually as an Infant Under the Age of Eighteen, by and through her Parent and Natural Guardian Deborah Barr Johnson, Branden M. Barr, Individually as an Infant under the Age of Eighteen, by and through his Parent and Natural Guardian Deborah Barr Johnson, Jonathan L. Johnson, Individually as an Infant under the Age of Eighteen, by and through his Parent and Natural Guardian Deborah Barr Johnson, Deborah Barr Johnson, Individually and as Parent and Natural Guardian to Joshua J. Covell, Katrina M. Barr, Branden M. Barr, and Jonathan L. Johnson, Walter C. Johnson, Individually, Plaintiffs—X–Defendants—Appellants,

v.

COUNTY OF OSWEGO Defendant— X–Def–X–Claimant—Appellee.

Steven Rose, Colleen Kehoe, Mary Moe, Oswego County B.O.C.E.S., Tonya Coe, Dawn Butler, Mary Winston Morton, also known as Missy Morton, Douglas Biklen, Syracuse University, Defendants.

Docket No. 01–9172.

United States Court of Appeals, Second Circuit.

Oct. 6, 2004.

Walter C. Johnson II, McHenry, Maryland, for Appellants, pro se.

Petrone & Petrone, P.C., Utica, NY, for Defendants Appellees.

Present: CARDAMONE, POOLER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants appeal from a judgment of the district court dismissing all of their claims under 42 U.S.C. § 1983 by summary judgment. We assume the parties' familiarity with the underlying facts, procedural history and specification of appellate issues and hold as follows.

Appellants have abandoned all relevant issues on appeal because they failed to direct any arguments toward the substance of the district court's order. *See Cruz v. Gomez*, 202 F.3d 593, 596 n. 3 (2d

Cir.2000) ("When a litigant—including a *pro se* litigant—raises an issue before the district court but does not raise it on appeal, the issue is abandoned."). While we have the ability to consider an abandoned argument we ordinarily decline to do so unless a "manifest injustice otherwise would result." *See United States v. Babwah,* 972 F.2d 30, 35 (2d Cir.1992); *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994). After examining the case law and relevant portions of the record we conclude that there is no need to consider abandoned arguments in this case.

We therefore affirm the judgment of the district court.