402 F.3d 107
 EMPIRE HEALTHCHOICE ASSURANCE, INC., doing business as Empire Blue Cross and Blue Shield, Plaintiff-Appellant,
v.
Denise Finn McVEIGH, as administratrix of the Estate of Joseph E. McVeigh, Defendant-Appellee.
 No. 03-9098.
 United States Court of Appeals, Second Circuit.
 Petition for rehearing filed: January 28, 2005.
 Decided: March 16, 2005.
 
 Howard S. Wolfson, Morrison Cohen LLP, New York, New York; Anthony F. Shelley, Miller & Chevalier Chartered, Washington, D.C., for Plaintiff-Appellant.
 Thomas J. Stock, Stock & Carr, Mineola, New York, for Defendant-Appellee.
 Denis F. Gordon, David M. Ermer, Gordon & Ermer, Washington, D.C., for Amicus Curiae Association of Federal Health Organizations.
 Peter D. Keisler, Assistant Attorney General; David N. Kelley, United States Attorney; David Kennedy, Assistant United States Attorney; Mark B. Stern, Alisa B. Klein, Attorneys, Civil Division, Department of Justice; Mark A. Robbins, General Counsel, James S. Green, Associate General Counsel, United States Office of Personnel Management, for Amicus Curiae the United States.
 Before: SACK, SOTOMAYOR and RAGGI, Circuit Judges.
 SOTOMAYOR, Circuit Judge.
 
 
 1
 Appellant Empire HealthChoice Assurance, Inc. ("Empire") petitions the panel for rehearing to reconsider its decision in Empire HealthChoice Assurance, Inc. v. McVeigh, 396 F.3d 136 (2d Cir.2005). The Association of Federal Health Organizations ("AFHO") and the United States have each submitted briefs as amicus curiae in support of Empire's petition. We assume familiarity with our original decision and its underlying facts. Because Empire and its amici have failed to demonstrate "point[s] of law or fact that ... the court has overlooked or misapprehended," the petition is denied. Fed. R.App. P. 40(a); see Treadway Cos., Inc. v. Care Corp., 638 F.2d 357, 386 (2d Cir.1980).
 
 
 2
 Empire contends that our original decision improperly disregarded the principle "that suits to determine the rights of the United States under its contracts are governed by federal common law." Appellant's Petition for Rehearing and Rehearing En Banc at 8. This argument misses the point, however, because Empire has not brought suit to determine the rights of the United States. Rather, Empire seeks to vindicate its own rights against another private party. This distinguishes the instant case from the precedents cited by Empire, which involved suits to which the United States was itself a party.[1] See United States v. Seckinger, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970); United States v. County of Allegheny, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209 (1944), abrogated on other grounds by United States v. City of Detroit, 355 U.S. 466, 78 S.Ct. 474, 2 L.Ed.2d 424 (1958); Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943); Up State Fed. Credit Union v. Walker, 198 F.3d 372 (2d Cir.1999).[2] A monetary recovery by Empire might benefit the United States, but this is insufficient to require displacement of state law. See Boyle v. United Techs. Corp, 487 U.S. 500, 507, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988); Empire, 396 F.3d at 140-42.[3]
 
 
 3
 Building on Empire's argument, the government argues that "suits to enforce contracts `contemplated by federal statutes'" such as the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914, state a federal claim if "Congress intended that the contracts be `creations of federal law' and that `the rights and duties contained in those contracts be federal in nature.'" Brief of the United States at 8-9 (quoting Jackson Trans. Auth. v. Local Div. 1285, 457 U.S. 15, 22-23, 102 S.Ct. 2202, 72 L.Ed.2d 639 (1982)). In Jackson Transit, the Supreme Court held that "suits to enforce contracts contemplated by federal statutes may set forth federal claims," and that "private parties in appropriate cases may sue in federal court to enforce contractual rights created by federal statutes." 457 U.S. at 22, 102 S.Ct. 2202 (emphasis added). The "critical factor" in determining "the scope of rights and remedies under a federal statute," the Court held, was "congressional intent." Id. at 22-23, 102 S.Ct. 2202. In the instant case, the "critical factor" of congressional intent is embodied in FEHBA's preemption provision, 5 U.S.C. § 8902(m)(1), which addresses the extent to which federal law will govern FEHBA-related claims. For reasons explained in Part D of the panel's original majority opinion, see Empire, 396 F.3d at 145-49, that preemption provision, while broad, does not confer federal jurisdiction over Empire's claims. See also Miree v. DeKalb County, 433 U.S. 25, 26-30, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977) (holding that state law, rather than federal common law, controlled a dispute where "only the rights of private litigants [were] at issue," even though the dispute required interpretation of a federal contract and implicated federal operations "of considerable magnitude").[4]
 
 
 4
 Misconstruing Part C of our principal opinion, Empire takes particular issue with what it regards as the panel's conclusion that § 8902(m)(1) is unconstitutional. We held no such thing. Instead, we interpreted the provision so as to avoid declaring it unconstitutional. Moreover, our discussion of the constitutional difficulties inherent in a literal reading of § 8902(m)(1) was not an essential component of our holding that § 8902(m)(1) does not authorize jurisdiction. Even if a literal reading posed no constitutional concern, our analysis in part D of the principal opinion makes clear that the provision does not create jurisdiction here. Reconsideration of the constitutional issue therefore could not affect the outcome of the case.[5]
 
 
 5
 Finally, we note our disagreement with the conclusions reached in Blue Cross and Blue Shield of Illinois v. Cruz, 396 F.3d 793 (7th Cir.2005), which the Seventh Circuit decided ten days after we issued our original decision in Empire. The Cruz court rested its holding on arguments that we addressed and squarely rejected in our original opinion.
 
 
 6
 We have considered the remaining arguments set forth by Empire and its amici and find them to be without merit. By emphasizing such factors as the potential practical effects of our original holding on the administration of FEHBA programs, Empire and its amici present, at most, cogent arguments for why, as a policy matter, federal jurisdiction should be extended to cover Empire's claims. Such policy arguments, however, are for Congress rather than the courts to consider, for it is well-established that federal courts will not assume jurisdiction over contract disputes "in the absence of an unambiguous expression of congressional intent." Jackson Transit, 457 U.S. at 30, 102 S.Ct. 2202 (Powell, J., joined by O'Connor, J., concurring); see also id. ("By enforcing contract rights not within the jurisdictional grant conferred by Congress, as much as by improperly inferring a right of action, a court of limited jurisdiction necessarily extends its authority to embrace a dispute Congress has not assigned it to resolve.... This runs contrary to the established principle that [t]he jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation...." (alterations in original) (citation and internal quotation marks omitted)). The instant case provides no reason to depart from these principles.
 
 
 7
 For the reasons discussed, the petition for rehearing is DENIED.
 
 
 8
 Judge RAGGI votes to grant rehearing for the reasons stated in her original dissent.
 
 
 
 Notes:
 
 
 [1]
 For substantially the same reasons, we reject the AFHO brief's suggestion that Empire has brought suit "to vindicate [the] rights ... of the federal government." Brief of the Association of Federal Health Organizations at 6
 
 
 [2]
 Empire also relies onBoyle v. United Technologies Corp., 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). Our previously issued opinion, however, already provides a comprehensive explanation of why Boyle does not establish that we have jurisdiction over Empire's claims.
 
 
 [3]
 In an attempt to remedy its earlier failure to satisfy the "conflict" prong ofBoyle, Empire's petition for rehearing cites to a responsive pleading filed by McVeigh in the district court that had relied on a New York State statute of limitations. Empire did not raise this argument in its briefs on appeal, however, and we therefore will not consider it. See Anderson v. Branen, 27 F.3d 29, 30 (2d Cir.1994) (per curiam). In any event, the argument could not have made a difference under the original opinion's analysis, as Empire concedes.
 
 
 [4]
 The government also argues that federal jurisdiction exists because federal law is a "necessary element" of the claim for relief. Brief of the United States at 2-3. In so arguing, the government relies onChristianson v. Colt Industries Operating Corp., 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), which simply reiterated the principle that federal jurisdiction "extends over only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id. at 808, 108 S.Ct. 2166 (citation and internal quotation marks omitted). For reasons explained in this opinion as well as in our original opinion, Empire's claim does not satisfy this test.
 
 
 [5]
 For similar reasons, contrary to Empire's contention, 28 U.S.C. § 2403 imposed no obligation to allow intervention by the government