Christopher GHOSH, Petitioner,

v.

The BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 04–6590–AG.

United States Court of Appeals,
Second Circuit.

Oct. 25, 2006.

Hector M. Roman, Roman & Singh, Jackson Heights, NY, for Petitioner.

Gregory A. White, U.S. Atty. for the Northern District of Ohio, Richard J. French, Asst. U.S. Atty., Cleveland, OH, for respondent.

Present: JON O. NEWMAN, ROGER J. MINER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Christopher Ghosh, a native and citizen of India, seeks review of a November 30, 2004 order of the BIA affirming the May 15, 2003 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Christopher Ghosh*, No. A 78 714 879 (BIA Nov. 30, 2004), *aff'g* No. A 78 714 879 (Immig. Ct. N.Y. City May 15, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision as if it were that of the BIA. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida -Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In his brief, Ghosh challenges the IJ's decision to pretermit his asylum application. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," the petitioner in this case has challenged only purely factual determinations and the agency's

exercise of discretion. The Court therefore lacks jurisdiction to review the agency's denial of asylum. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 178–80 (2d Cir.2006).

■ In this case, the IJ reasonably denied Ghosh's withholding of deportation claim based on an adverse credibility finding. Ghosh was unable to give consistent testimony with regard to why he was unable to obtain a passport, for identification purposes, from the Indian Consulate, nor was he able to produce any other credible documents to establish his identity. Additionally, the IJ found that Ghosh's inability to provide any corroborating evidence from India regarding the attacks by members of the Communist Party of India ("CPI") that he suffered undermined the genuineness of his claim. In his decision, the IJ discussed why it was reasonable under the BIA's standards to expect such corroboration and why Ghosh's proffered explanations for the lack of such corroboration were insufficient. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). As a result, the IJ's adverse credibility finding is supported by substantial evidence.

■ Additionally, the IJ made an alternate finding that Ghosh did not have a fear of future persecution. The IJ stated that, while it may be true that the CPI organization has influence over the police in Bengal, and the police may not be able to protect Ghosh in that state, he did not find that the CPI has similar influence all over India. Consequently, the IJ determined that Ghosh could have safely relocated within India. The IJ noted that Ghosh failed to submit any evidence to show that the police in Delhi, where Ghosh's wife, children, and brother currently reside, or other states in India, where the CPI is not as powerful, would not be able to protect him.

■ Ghosh's only meaningful challenge to the IJ's finding regarding his relocation in India was that he was targeted for persecution by the entire CPI organization and not just one individual, and that it would not be difficult for the CPI to find him in a large city like Delhi because of his work as a journalist. However, even if Ghosh's arguments are correct, he does not adequately challenge the IJ's finding that the police, in a region outside of Bengal, where the CPI is not in power, would be unable or unwilling to protect him. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.' " (quoting *Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir.1994))). Because Ghosh has failed to sufficiently argue before this Court that the police outside of Bengal would be unwilling or unable to protect him from the CPI, and because addressing this argument does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. The government's ability or willingness to protect an applicant from harm is a threshold issue in making a claim for withholding of removal; therefore, the IJ's finding that Ghosh has not met his burden of proof with respect to withholding of removal is supported by substantial evidence in the record.

■ Ghosh has not meaningfully challenged the IJ's denial of his claim for CAT relief in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang*, 426 F.3d at 542 n. 1, 546 n. 7.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).