**LIANG XIU CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 05–6407–ag.

United States Court of Appeals, Second Circuit.

Jan. 17, 2007.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Bud Cummins, United States Attorney for the Eastern District of Arkansas, Fletcher Jackson, Assistant United States Attorney, Little Rock, AR, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Liang Xiu Chen, a citizen of the People's Republic of China, seeks review of a November 3, 2005 order of the BIA affirming the February 17, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Liang Xiu Chen,* No. A77 993 677 (B.I.A. Nov. 3, 2005), *aff'g* No. A77 993 677 (Immig. Ct. N.Y. City Feb. 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Issues not sufficiently argued in the brief of a party are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d

169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994))).

Because Chen has failed to argue, or acknowledge, the BIA's affirmance of the IJ's adverse credibility determination, and because addressing this argument is not necessary to avoid manifest injustice, we deem it waived. Accordingly, based on the unchallenged adverse credibility determination, the agency did not err in finding that Chen failed to establish eligibility for asylum, withholding of removal or CAT relief based on his family-planning claim.

We review the agency's factual findings under the substantial evidence standard. We agree that Chen failed to establish that he possessed a well-founded fear or likelihood of persecution or torture on account of his illegal departure from China. When he was asked what would happen to him if he was removed to his country, he stated only that he would be fined and detained. The BIA and IJ did not err in finding that such acts do not rise to the level of persecution or torture.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).