**Ataur Rahman KHAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondent.**

No. 06–2520–ag.

United States Court of Appeals,
Second Circuit.

Jan. 18, 2007.

David J. Rodkin, New York, New York, for Petitioner.

Peter D. Keisler, Asst. Atty. General, Civil Division, Michelle Gorden Latour, Asst. Director, Civil Division, Office of Immigration Litigation, P. Michael Truman, Atty., Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Ataur Rahman Khan, a native and citizen of Bangladesh, seeks review of a May 2, 2006 order of the BIA affirming the November 4, 2004 decision of immigration judge ("IJ") Gabriel C. Videla denying Khan's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ataur Rahman Khan*, No. A96 426 193 (B.I.A. May 2, 2006), *aff'g* No. A96 426 193 (Immig. Ct. N.Y. City Nov. 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Khan filed a petition for review of the BIA's May 2006 order denying his application for asylum, withholding of removal, and CAT relief. The BIA had denied his application for asylum as untimely, and had denied his claims for withholding of removal and CAT relief because of an adverse credibility finding. In his petition in this Court, Khan makes no challenge to the rulings as to untimeliness or lack of credibility, but claims he is entitled to a remand because he was incompetent at his hearing before the IJ. His brief acknowledges that he did not raise the claim of incompetency on his appeal to the BIA.

█ Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no

doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994))). Accordingly, because Khan has failed to make, let alone sufficiently argue, any challenge to the grounds on which the BIA's May 2006 order is based, such challenges are deemed forfeited. To whatever extent Khan challenges the May 2006 order by claiming that his due process rights were violated on account of his incompetence, we do not review that claim on this petition when it is correctable by the BIA on a separate motion to reopen, as Khan's claim was. *See Arango–Aradondo v. INS,* 13 F.3d 610, 614–15 (2d Cir.1994).

█ Indeed, Khan actually brought his incompetence claim to the BIA's attention on a motion to reopen. On August 8, 2006, the BIA denied Khan's motion to reopen. To the extent that Khan's brief in this Court raises arguments concerning the BIA's August 2006 order denying his motion to reopen, we lack jurisdiction to review it because Khan never filed a petition for review of that order. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89 (2d Cir.2001) (An appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve " 'two separate petitions filed to review two separate final orders.' ") (quoting *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).