QING LIN, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, Respondent.

No. 06–4743–ag.

United States Court of Appeals, Second Circuit.

Aug. 10, 2007.

David A. Bredin, New York, NY, for Petitioner.

Charles T. Miller, United States Attorney for the Southern District of West Virginia, Fred B. Westfall, Assistant United States Attorney, Charleston, WV, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Qing Lin, a citizen of the People's Republic of China, seeks review of a September 14, 2006 order of the BIA affirming the April 26, 2005 decision of Immigration Judge ("IJ") Sarah Burr denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Lin,* No. A79 429 606 (B.I.A. Sept. 14, 2006), *aff'g* No. A79 429 606 (Immig. Ct. N.Y. City Apr. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In this case, the IJ denied Lin's application on the basis of an adverse credibility finding in addition to finding that she had failed to establish her eligibility for asylum and withholding of removal. Although the BIA affirmed and adopted the IJ's decision, it did so only with respect to the IJ's eligibility finding. Therefore, because the BIA specifically declined to address the IJ's adverse credibility determination, we evaluate Lin's claims on the presumption that she was credible and review only the burden of proof finding. *Cf. Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005) (holding that when the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA). We review *de novo* the agency's legal conclusion that evidence presented in support of an asylum claim was insufficient to satisfy an applicant's burden of proof. *See Jin*

*Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003).

■ Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'") (quoting *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994)). In the argument section of Lin's brief, other than stating she "believed" the Court should remand for "further examination of the facts" and that "there were many demands made of [Lin] to subject herself to an IUD insertion," Lin's attorney makes no other meaningful argument in response to the BIA's rejection of Lin's claims for asylum and withholding or removal as legally insufficient. Accordingly, she has waived these claims. *See Yueqing Zhang,* 426 F.3d at 541 n. 1.

■ Although Lin argues in her brief that the IJ's ruling on CAT relief was erroneous, the basis of her argument is similarly unclear.[1] To the extent that Lin argues that she will be subject to torture for leaving China illegally, such argument is unavailing. The information provided in the available country reports is insufficient to compel a finding that an alien who departed Chin illegally would likely be tortured upon return to China. *See Mu*

*Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–61 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). In *Mu–Xing Wang,* we made clear that the relevant inquiry is whether someone in the petitioner's "particular alleged circumstances" is more likely than not to be tortured. 320 F.3d at 143–44. Here, Lin provided no information regarding her own personal circumstances that would allow the IJ to find that she, in particular, would more likely than not be imprisoned and tortured. Thus, based on this record, the BIA and IJ reasonably determined that Lin failed to meet her burden for CAT relief. *See Mu Xiang Lin,* 432 F.3d at 159–60.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. In her brief to this Court, Lin states that "the IJ denied [her] relief under the CAT solely because she found [her] testimony as to past persecution not plausible[.]" This statement is factually incorrect since the IJ specifically considered the country conditions in China and determined that Lin had failed to establish that she would more likely than not face torture if she returned to China.