**YU FANG XU, Petitioner,**

**v.**

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 05–0023–ag.

United States Court of Appeals, Second Circuit.

March 20, 2008.

Robert J. Adinolfi, New York, NY, for Petitioner.

Matthew G. Whitaker, United States Attorney, Gary L. Hayward, Assistant United States Attorney, Des Moines, IA, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Yu Fang Xu, a native and citizen of China, seeks review of a December 8, 2004 BIA decision affirming the October 7, 2003 decision of Immigration Judge ("IJ") Sarah M. Burr, denying her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Yu Fang Xu,* No. A79–682–313 (B.I.A. Dec. 8, 2004), *aff'g* No. A79–682–313 (Immig. Ct. N.Y. City Oct. 7, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). The Court reviews *de novo* questions of law and the application of law to undisputed facts. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

*Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Because Xu failed to raise any challenge to the denial of her withholding and CAT claims, those claims are waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir.1994))).

With respect to Xu's asylum claim, however, the IJ erred. She found her not credible largely because she found it unlikely that anyone would flee China to avoid an abortion and then give up her child for adoption in the United States. We believe that the IJ's reasoning was significantly flawed. *See Cao He Lin*, 428 F.3d at 406 (noting that we will vacate and remand if an agency's reasoning was sufficiently flawed). We have no difficulty conceiving of a person who does not wish to be forced to have an abortion or be sterilized, but also finds herself unwilling or unable to raise a child.

We therefore have to assume that Petitioner was credible. Under the circumstances, we cannot say that her flight from China was not to avoid persecution. It is true that we have said that a mere fear of sterilization or abortion does not constitute past persecution. *Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412–13 (2d Cir.2006). But this does not mean that it may not do so in some extreme instances. It is up to the IJ and BIA, in the first instance, assuming Petitioner to be credible, to make that determination.

If the agency were to find past persecution, the burden would then shift to the Government to demonstrate that Petitioner does not have a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). With the burden differently allocated, we cannot say with confidence that the agency would adhere to its prior decision on remand. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006).

Accordingly, the petition for review is GRANTED; the decision of the BIA is VACATED; and the case is REMANDED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).