**Bhupinderjit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3501–ag.**

United States Court of Appeals, Second Circuit.

May 27, 2008.

Hector M. Roman, Jackson Heights, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, Margaret A. O'Donnell, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Petitioner Bhupinderjit Singh, a native and citizen of India, seeks review of the July 25, 2007 order of the BIA affirming the January 4, 2006 decision of Immigration Judge ("IJ") Philip L. Morace, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bhupinderjit Singh,* No. A96 144 060 (B.I.A. July 25, 2007), *aff'g* No. A96 144 060 (Immig. Ct. N.Y. City Jan. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA upholds the IJ's denial of relief but affirms only certain portions of the IJ's decision, we review the IJ's decision as modified by the BIA. *See Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir. 2007) (noting that our review of the BIA's decision "will be confined to the rationale of the IJ on which the BIA relied"). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

Petitioners seeking judicial review have a duty to present their arguments clearly and to support them with citations to relevant legal authority and record evidence. *See* FED. R. APP. P. 28(a)(9)(A) (noting that a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998)). While we can address an argument despite a waiver of this sort, we ordinarily will not do so unless manifest injustice otherwise would result. *See LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002) (citing *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994)).

In light of Singh's failure to address with any degree of specificity the findings supporting the agency's adverse credibility determination (notably the findings with respect to his October 2001 detention), as well as his failure to raise anything more than conclusory arguments addressing the agency's other findings (which are not supported by citations to any of this Court's decisions), we find that Singh's brief does not comply with FED. R. APP. P. 28(a)(9)(A). Thus, we deem waived any challenges to the agency's adverse credibility determination. *See Norton,* 145 F.3d at 117; *see also Frank v. U.S.,* 78 F.3d 815, 833 (2d Cir.1996) (noting that "simply stating an issue does not constitute compliance with Rule 28(a): an appellant or cross-appellant must state the issue *and* advance an argument"), *certiorari granted and judgment vacated on other grounds by Frank v. U.S.,* 521 U.S. 1114, 117 S.Ct. 2501, 138 L.Ed.2d 1007 (1997). A brief review of the adverse credibility determination reveals that it was supported by specific, cogent findings and was dispositive of the agency's denial of relief. As such, Singh's failure to raise any adequate challenge to that determination is fatal to his petition for review.[2]

---

2. We also decline to consider Singh's arguments pertaining to the IJ's alternative bur-

78

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

den of proof findings because the BIA explicitly declined to consider those findings in its

decision. *See Dong Gao,* 482 F.3d at 125.