**LIN YE ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–0548–ag.**

United States Court of Appeals, Second Circuit.

July 23, 2008.

Peter L. Quan, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Anh–Thu P. Mai, Senior Litigation Counsel, Peter H. Matson, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Lin Ye Zheng, a native and citizen of the People's Republic of China, seeks review of a January 3, 2008 order of the BIA, affirming the September 12, 2006 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Ye Zheng,* No. A98 719 408 (B.I.A. Jan. 3, 2008), *aff'g* No. A98 719 408 (Immig. Ct. N.Y. City Sep. 12,

2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In this case, we need not review the merits of the agency's denial of relief, because Zheng does not challenge with any specificity the IJ's adverse credibility determination. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.' " (quoting *Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir.1994))). Aside from his conclusory assertions that the IJ's credibility determination was "based on minor and immaterial inconsistencies," Zheng does not specifically challenge any of the IJ's numerous credibility findings.[1] Zheng's suggestion that the IJ erred by failing to evaluate his demeanor is without merit. While we afford particular deference to the fact-finder's assessment of an applicant's demeanor, we have never held that the failure to make such an assessment is error.

Because Zheng fails to challenge the IJ's dispositive credibility findings, we deem any such arguments waived. *See Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7. Moreover, declining to consider arguments Zheng did not make will not result in a manifest injustice where, based on our limited review, the IJ's findings were supported by the record. *See LNC Invs., Inc.*, 308 F.3d at 176 n. 8.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Indeed, without identifying any of the IJ's inconsistency and omission findings, Zheng argues that "though the IJ gave [him] the chance to confront the minor inconsistencies, that chance was not adequate." Zheng further argues that he "made sufficient explanations for the inconsistencies in his brief," but does not identify which findings he is challenging.