**Habib Abdus SHUKUR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**

General, Respondent.*

No. 08–2423–ag.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2009.

Richard H. Zweig, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Anh–Thu P. Mai–Windle, Senior Litigation Counsel; Ann M. Welhaf, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Habib Abdus Shukur, a native and citizen of Bangladesh, seeks review of an April 16, 2008 order of the BIA, affirming the August 29, 2006 decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Habib Abdus Shukur,* No. A96 427 379 (B.I.A. Apr. 16, 2008), *aff'g* No. A96 427 379 (Immig. Ct. N.Y. City Aug. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008). We ordinarily review the agency's factual findings, including adverse credibility findings, under the substantial evidence stan-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

dard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 168 (2d Cir.2008). Here, however, Shukur has failed meaningfully to challenge the dispositive bases for the agency's denial of relief, leaving us with nothing to review.

Petitioners seeking judicial review have a duty to present their arguments clearly and to support them with citations to relevant legal authority and record evidence. *See* Fed. R.App. P. 28(a)(9)(A) (a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998)). While we can address an argument despite a waiver of this sort, we ordinarily will not do so unless manifest injustice otherwise would result. *See LNC Invs., Inc. v. Nat'l Westminster Bank,* 308 F.3d 169, 176 n. 8 (2d Cir.2002) (citing *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994)).

In his brief, Shukur fails to address with any degree of specificity the many findings supporting the agency's adverse credibility determination. With respect to the assertions he does make, some of them entirely irrelevant to the decision under review, he neglects to provide any supporting citations to this Court's decisions or the administrative record. Accordingly, we find that Shukur's brief does not comply with Fed. R.App. P. 28(a)(9)(A). We therefore deem waived any challenges to the agency's adverse credibility determination. *See Norton,* 145 F.3d at 117. Shukur's

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

failure to challenge that determination is fatal to his petition for review.

We are satisfied that no manifest injustice will result from our decision to dispose of this case on waiver grounds. *See LNC Invs., Inc.,* 308 F.3d at 176 n. 8. Our review of the record finds ample support for the agency's adverse credibility determination, which was based in part on Shukur's inconsistent account of his alleged detention. For example, although he claimed in his asylum application that he was "tortured in custody," he testified that he was not mistreated in custody, but rather that his jailers were "good to [him]."

Attorney Richard H. Zweig is warned that future briefing of this quality may result in discipline.

For the foregoing reasons, the petition for review is DENIED.