SUMMARY ORDER

Ling Li, a native and citizen of China, seeks review of a May 20, 2008 order of the BIA, affirming the June 28, 2006 decision of Immigration Judge (“IJ”) Sarah M. Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ling Li, No. A077 645 053 (B.I.A. May 20, 2008), aff'g No. A077 645 053 (Immig. Ct. N.Y. City June 28, 2006). *455 We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s finding that Li failed to establish his eligibility for asylum and withholding of removal. In finding that Li failed to establish a well-founded fear of future persecution for having participated in a 1999 protest, the agency reasonably relied on evidence in the record demonstrating that there was no warrant for Li’s arrest on account of his participation in the protest and that police had not contacted his parents to seek his arrest for at least four years, or since 2002.
Ultimately, Li has failed to demonstrate that a reasonable factfinder would be compelled to conclude, contrary to the agency, that he established a well-founded fear of persecution on account of his involvement in the 1999 protest. See 8 U.S.C. § 1252(b)(4)(B). Accordingly, the agency reasonably denied Li’s applications for asylum and withholding of removal, see Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006), and we need not consider the agency’s alternative finding that Li failed to demonstrate a nexus between his claimed fear and a protected ground, see 8 U.S.C. § 1101(a)(42).
The BIA also reasonably concluded that Li failed to demonstrate a well-founded fear of persecution on account of the birth of his U.S. citizen children. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 158-73 (2d Cir.2008). Indeed, we have previously reviewed the BIA’s consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See id. Moreover, the BIA reasonably found that the affidavits from his family and coworker did not reference the treatment of similarly situated individuals because said affidavits described sterilizations that had occurred many years before and did not involve Chinese nationals returning to China with U.S. citizen children. See Jian Hui Shao, 546 F.3d at 160-61. In addition, as in Matter of J-W-S-, 24 I. & N. Dec. at 190, Li failed to submit any evidence of the forced sterilization of Chinese nationals returning to China with their children born abroad, see Jian Hui Shao, 546 F.3d at 164. Accordingly, because the agency did not err in finding that Li failed to demonstrate a well-founded fear of persecution on account of the birth of his U.S. citizen children, the agency reasonably denied his applications for asylum and -withholding of removal based on that claim. See Paul, 444 F.3d at 156.
Finally, we note that Li abandons any challenge to the agency’s denial of his application for CAT relief. See Anderson v. Branen, 27 F.3d 29, 30 (2d Cir.1994) (per curiam).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is *456 DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).