of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**XUE QIN ZHU, aka Chin Chih Tsai, Chang Chun Zheng, Petitioners,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, United States Department of Justice, Respondents.**

No. 07–3009–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

Richard Tarzia, Belle Mead, NJ, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge and JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Xue Qin Zhu and Chang Chun Zheng, natives and citizens of the People's Republic of China, seek review of a July 3, 2007 order of the BIA, affirming the July 26, 2005 decision of Immigration Judge ("IJ") William F. Jankun, which denied their applications for asylum and withholding of removal. *In re Xue Qin Zhu, Chang Chun Zheng,* Nos. A077 993 981, A073 174 859 (B.I.A. July 3, 2007), *aff'g* Nos. A077 993 981, A073 174 859 (Immig. Ct. N.Y. City July 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Attorney General Michael B. Mukasey as a respondent in this case.

As an initial matter, we need not address the government's contention that the agency's adverse credibility determination was supported by substantial evidence because petitioners abandon any challenge to the agency's determination that they were not credible. *See Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994). Moreover, contrary to the petitioners' argument, the BIA did not review the IJ's findings of fact *de novo* in determining that their evidence failed to demonstrate an objectively reasonable fear of forced sterilization. *See* 8 C.F.R. § 1003.1(d)(3) (providing that the BIA may not engage in *de novo* review of the IJ's findings of fact); *see also Jian Hui Shao v. Mukasey,* 546 F.3d 138, 162–63 (2d Cir.2008) (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear"). Nor did the BIA err by requiring the petitioners to satisfy a higher burden of proof than a reasonably possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 157.

Petitioners also argue that the agency erred in concluding that they failed to demonstrate their eligibility for asylum and withholding of removal based on the birth of their U.S. citizen children. However, this argument fails because we have previously reviewed the agency's consideration of evidence similar to that which petitioners presented and have found no error in its conclusion that such evidence is insufficient to demonstrate an objectively reasonable fear of persecution. *See Jian Hui Shao,* 546 F.3d at 156–65; *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).