Mumbembe v. Lynch

BIA
Montante, IJ
A088 939 618
A089 002 689/690/691

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

PRESENT:
>        ROBERT A. KATZMANN,
>             *Chief Judge,*
>        RICHARD C. WESLEY,
>        PETER W. HALL,
>             *Circuit Judges.*

_____

JAMES MUMBEMBE, AKA LOURENCO MALUNGO, NZOLA BETHY MUMBEMBE, AKA DIMBO KIAKANDA MALUNGO, BOUGEOISY MUMBEMBE, AKA ELSA NZOLAMESSO MALUNGO, JOE MUMBEMBE, AKA ELDORADO NZOLAMESSO MALUNGO,
>        *Petitioners,*

>        v.                                          14-2454
>                                                    NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:** Michael E. Marszalkowski, Buffalo, New York.

**FOR RESPONDENT:** Benjamin C. Mizer, Acting Assistant Attorney General; Jesse Bless, Senior Litigation Counsel; Lindsay W. Zimliki, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners seek review of a June 2, 2014, decision of the BIA affirming the June 7, 2012, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re James Mumbembe, Nzola Bethy Mumbembe, Bougeoisy Mumbembe, and Joe Mumbembe,* Nos. A088 939 618, A089 002 689/690/691 (B.I.A. June 2, 2014), *aff'g* Nos. A088 939 618, A089 002 689/690/691 (Immig. Ct. Buffalo June 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The agency made the following two (alternate) dispositive findings: (1) Petitioners were not credible and failed to rehabilitate their testimony with evidence corroborating their claims for relief from removal to either the Democratic Republic

2

of Congo ("DRC") or Angola; and (2) Petitioners failed to satisfy their burden of proof regarding either country because they failed to demonstrate that they are citizens of the DRC and they did not demonstrate past persecution, a well-founded fear of persecution, or a likelihood of torture in Angola. Petitioners, through counsel, do not challenge the agency's adverse credibility determination, which was dispositive of their claims for asylum, withholding of removal, and CAT relief as to both the DRC and Angola.

A petitioner's brief to this Court must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the [petitioner] relies." Fed. R. App. P. 28(a)(8)(A). Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (Sotomayor, J.); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n.8 (2d Cir. 2002) (Sotomayor, J.) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir. 1994) (per curiam))). Because Petitioners fail to

challenge the agency's dispositive finding that they were not credible, we deem any such argument waived.  *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

We note that there is no merit to Petitioners' contention that the agency erred in determining that they are citizens of Angola.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that determination of the weight of evidence is largely matter of IJ discretion); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)).  And they do not challenge the agency's determination that they failed to satisfy their burden of demonstrating eligibility for asylum, withholding of removal, and CAT relief from Angola.  *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED.  See Fed. R. App. P. 34(a)(2); Second Circuit Local R. 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk