**Mamadou Yero BAH, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 07–5301–ag.

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

Theodore Vialet, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Linda S. Wernery, Assistant Director, Erica B. Miles, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Mamadou Yero Bah, a native and citizen of Guinea, seeks review of an October 30, 2007, order of the BIA affirming the December 14, 2005, decision of Immigration Judge ("IJ") William Van Wyke, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Yero Bah,* No. A98 279 038 (B.I.A. Oct. 30, 2007), *aff'g* No. A98 279 038 (Immig. Ct. N.Y. City Dec. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the BIA's and IJ's opinions when the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005)(per curiam). In addition, when the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, where the BIA's opinion emphasized

certain aspects of the IJ's decision, and supplemented it, we review the IJ's decision as supplemented, as well as the parts not explicitly discussed by the BIA's decision.

### I. Asylum and Withholding of Removal

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d Cir.2008)(per curiam). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Petitioners seeking judicial review have a duty to present their arguments clearly and to support them with citations to relevant legal authority and record evidence. *See* FED. R.APP. P. 28(a)(9)(A) (a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998)). While we can address an argument despite a waiver of this sort, we ordinarily will not do so unless manifest injustice otherwise would result. *See LNC Invs., Inc. v. Nat'l Westminster Bank,* 308 F.3d 169, 176 n. 8 (2d Cir.2002) (citing *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994)). In light of Bah's failure to address with any degree of specificity the findings supporting the agency's adverse credibility determination and his failure to provide any supporting citations to any of this Court's decisions, we find that Bah's brief does not comply with FED. R. APP. P. 28(a)(9)(A). Thus, we deem waived any challenges to the agency's adverse credibility determination. *See Norton,* 145 F.3d at 117. Bah's failure

to raise any adequate challenge to that determination is fatal to the portion of his petition for review purporting to challenge the agency's adverse credibility finding. Attorney Theodore Vialet is warned that future briefing of this quality may result in discipline.

To the extent Bah challenges the agency's denial of CAT relief, we lack jurisdiction because he failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

## II. Motion to Remand

We review the denial of a motion for a remand to an IJ under 8 C.F.R. § 1003.1(d)(3)(iv) for abuse of discretion. *Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir.2005); *see also id.* at 156–57 (BIA has "broad discretion to deny a motion to reopen grounded on new evidence"). A motion to remand or reopen may be denied where the alien does not establish prima facie eligibility for the relief sought. *Matter of Coelho,* 20 I. & N. Dec. 464 (B.I.A.1992); *cf. INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that failure to establish a prima facie case is a proper ground on which the BIA may deny a motion to reopen). Because Bah's evidence did not rebut the agency's previous adverse credibility finding and showed only general social unrest, the BIA did not abuse its discretion in denying his motion to remand. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (per curiam); *Melgar de Torres v. Reno,* 191 F.3d 307, 314 (2d Cir.1999).

For the foregoing reasons, the petition for review is DISMISSED in part and otherwise DENIED.