SUMMARY ORDER

Petitioner Bappathe Barry, a native and citizen of Guinea, seeks review of a July 30, 2008 order of the BIA affirming the April 19, 2007 decision of Immigration Judge (“IJ”) Paul A. DeFonzo denying Barry’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bappathe Barry, No. A98 648 461 (B.I.A. July 30, 2008), aff'g No. A98 648 461 (Immig. Ct. N.Y. City Apr. 19, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Initially, we note that Barry’s brief to this Court fails to cite to any caselaw to support any of his arguments challenging the IJ’s adverse credibility determination, suggesting that it fails to comply with the Federal Rules of Appellate Procedure. See Fed. R.App. P. 28(a)(9)(A). Moreover, Barry challenges only one of the seven credibility findings that the IJ made to support his adverse credibility determination, specifically asserting that the IJ erred in finding that his wife’s failure to testify in support of his applications for relief undermined his credibility. Barry does not challenge the IJ’s findings that: (1) he provided inconsistent testimony regarding when he joined RPG; (2) he did not submit any evidence from the RPG, other than his membership card, to confirm his activities with the party and how long he had been a member; (3) he was unable to state what the initials “RPG” stood for; (4) while a medical report in the record states that he sustained a burn scar on the back of his right thigh, that claim does not appear in a more recent medical report or, more significantly, in his statements; (5) Dr. Beattie’s affidavit identifies Barry as Malinke, while Barry testified that he is Fulani; and (6) Dr. Beattie’s affidavit states that when he interviewed Barry, interpretation was provided by “his brother,” Thierno Barry, from Mandingo to French, but Barry testified that he does not speak Mandingo.
*24 This Court will normally not address issues that are not sufficiently argued in the briefs, and will consider them waived in the absence of manifest injustice. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); see also LNC Invs., Inc. v. Nat’l Westminster Bank, N.J., 308 F.3d 169, 176 n. 8 (2d Cir.2002) (finding that while the Court has power to address an argument despite a waiver, it ordinarily will not do so unless manifest injustice otherwise would result). By failing to challenge six of the seven credibility findings made by the IJ, Barry has effectively waived his challenge to the IJ’s adverse credibility determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146-47 (2d Cir.2008) (finding that any challenge to three significant findings that informed the IJ’s adverse credibility determination were both unexhausted and waived, where the asylum applicant’s appellate brief did not challenge those findings).
Moreover, no manifest injustice would result by deeming Barry’s challenge to the adverse credibility finding abandoned. See LNC Invs., Inc., 308 F.3d at 176 n. 8. In its decision, the BIA affirmed the IJ’s adverse credibility determination because Barry’s appellate brief failed to address the specific findings that the IJ made in support of his credibility determination. As the BIA properly found, the IJ identified specific inconsistencies in the record which Barry failed to address anywhere in his brief. Barry had thus failed to exhaust the adverse credibility finding before the agency, and that failure to exhaust provides an additional and independent basis for this Court to deny his petition for review. See Bala-chova v. Mukasey, 547 F.3d 374, 380 (2d Cir.2008) (finding that where the petitioner’s brief to the BIA failed to point out any errors in the IJ’s adverse credibility finding, she failed to exhaust her administrative remedies) (citing Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 121-24 (2d Cir.2007)).
Accordingly, Barry cannot succeed on his asylum claim. Moreover, because the only evidence of a threat to his life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).[1]
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We are troubled by the poor quality of the brief submitted to this Court by Barry's attorney, Theodore Vialet. This is not the first time that Vialet has submitted a brief that we have deemed insufficient. See Bah v. DHS, 299 Fed.Appx. 72, 73-74 (2d Cir.2008). Attorney Vialet is again warned that future briefing of this quality may result in discipline.