**YONG GUI CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

**No. 07–5571–ag.**

United States Court of Appeals, Second Circuit.

Feb. 5, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Eric H. Holder, Jr. is substituted for Michael B. Mukasey as Respondent.

Robert J. Adinolfi, Louis & Adinolfi, LLC New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

Present: SONIA SOTOMAYOR, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yong Gui Chen, a native and citizen of the People's Republic of China, seeks review of a November 30, 2007 order of the BIA denying his motion to reopen. *In re Yong Gui Chen,* No. A73 629 933 (B.I.A. Nov. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

█ In this case, we need not consider the merits of Chen's arguments because he waives any challenge to the BIA's dispositive determinations that: (1) he failed to rebut the underlying adverse credibility finding related to his family planning claim; and (2) he failed to demonstrate changed country conditions related to his illegal departure claim sufficient to excuse the untimeliness of his motion to reopen. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994))). Because Chen fails to challenge these dispositive findings, we deem any such arguments waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

█ Moreover, our decision to decline consideration of such waived arguments will not result in a manifest injustice. *See LNC Invs., Inc.,* 308 F.3d at 176 n. 8. Indeed, the BIA does not abuse its discretion by denying a motion to reopen or rejecting the authenticity of an alien's documentary evidence submitted in support of such a motion where the alien does not rebut an IJ's underlying adverse credibility finding. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (per curiam) (finding that the BIA does not abuse its discretion in denying a motion to reopen where the

evidence submitted with that motion relates to the same claim the agency found not credible in the underlying proceeding); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir.2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007)). As to Chen's illegal departure claim, the BIA did not abuse its discretion in finding that he failed to demonstrate changed country conditions excusing the untimeliness of his motion to reopen,[2] *see* 8 C.F.R. § 1003.2(c)(3)(ii), where the only evidence he submitted relating to this claim was a 1999 indictment of individuals accused of attempting to illegally depart China. This document alone does not indicate that country conditions related to the treatment of individuals who illegally depart China has materially changed since Chen's 1997 hearing before the IJ. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Accordingly, because no manifest injustice would result if we decline to review the BIA's finding that Chen failed to dispute the underlying adverse credibility determination and the BIA's determination that he failed to establish a change in conditions in China related to his illegal departure, we deem any such challenges waived. *See Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7. Thus, these findings stand as a valid basis for the agency's

denial of Chen's motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. There is no dispute that Chen's August 2007 motion to reopen was untimely where the BIA entered a final administrative order dismissing his appeal in April 2002. *See* 8 C.F.R. § 1003.2(c)(2) (requiring an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which

the final administrative decision was rendered).

