SUMMARY ORDER

Petitioners Almamy and Nbayan Ca-mara, natives and citizens of Gambia, seek review of a February 11, 2008 order of the BIA denying their motion to reopen. In re Almamy Camara, Nbayan Camara, Nos. A73 176 038, A73 181 903 (B.I.A. Feb. 11, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We need not consider the merits of the Camaras’ arguments because they waive any challenge to the BIA’s dispositive determinations that: (1) their motion to reopen was untimely; and (2) the agency had previously considered and rejected on credibility grounds their claim for relief based on Nbayan Camara’s female genital mutilation (“FGM”). Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); LNC Invs., Inc. v. Nat’l Westminster Bank, N.J., 308 F.3d 169, 176 n. 8 (2d Cir.2002) (“While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so ‘unless manifest injustice otherwise would result.’ ” (quoting Anderson v. Branen, 27 F.3d 29, 30 (2d Cir.1994))). Because the Camaras fail to challenge these dispositive findings, we deem any such arguments waived. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
Moreover, our decision to decline consideration of such waived arguments will not result in a manifest injustice. See LNC Invs., Inc., 308 F.3d at 176 n. 8. Indeed, there is no dispute that the Camaras’ October 2007 motion to reopen was untimely *473 where the BIA entered a final administrative order dismissing their appeal in October 1998. See 8 C.F.R. § 1003.2(c)(2). Furthermore, the BIA reasonably found that the Camaras failed to demonstrate changed country conditions excusing the untimeliness of their motion to reopen, where the only change they asserted was the birth of their U.S. citizen daughter whom they fear will suffer FGM in Gambia. See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances and not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen); see also Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006) (“[I]t would be ironic, indeed, if petitioners ... who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).