08-4391-ag
Ousmane v. Holder

BIA
Straus, IJ
A098 690 570

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand ten.

PRESENT:
         **JOSÉ A. CABRANES,**
         **RICHARD C. WESLEY,**
         **DEBRA ANN LIVINGSTON,**
                  *Circuit Judges.*

_____

TRAORE OUSMANE,
         Petitioner,

         v.                                    08-4391-ag
                                               NAC
ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
         Respondents.

_____

FOR PETITIONER:          Gregory C. Osakwe, Hartford,

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Connecticut.

FOR RESPONDENT: Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Traore Ousmane, a native and citizen of Togo, seeks review of an August 18, 2008, order of the BIA affirming the November 2, 2006, decision of Immigration Judge ("IJ") Michael W. Straus, which pretermitted his asylum application and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Traore Ousmane*, No. A098 690 570 (B.I.A. Aug. 18, 2008), *aff'g* No. A098 690 570 (Immig. Ct. Hartford Nov. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Petitioners seeking judicial review have a duty to present their arguments clearly and to support them with citations to relevant legal authority and record evidence. *See* Fed. R. App. P. 28(a)(9)(A) (a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998)). While we can address an argument despite a waiver of this sort, we ordinarily will not do so unless manifest injustice otherwise would result. *See LNC Invs., Inc. v. Nat'l Westminster Bank,* 308 F.3d 169, 176 n. 8 (2d Cir. 2002) (citing *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir. 1994)).

In his brief, Ousmane fails to address in anything more than a general and cursory manner the many findings supporting the agency's adverse credibility determination and its alternative finding that he failed to articulate a

3

cognizable social group.  With respect to the assertions he does make, they are wholly conclusory, and he neglects to provide any supporting citations to the administrative record.  Accordingly, we find that Ousmane's brief does not comply with Fed. R. App. P. 28(a)(9)(A).  *See Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) (declining to reach a claim where no facts were properly cited to the record in the brief's "argument" section and finding such citations requisite to raising a proper legal argument before the Court).  We therefore deem waived any challenge to the agency's dispositive findings. *See Norton,* 145 F.3d at 117. Ousmane's failure to challenge those findings is fatal to his petition for review.

We are satisfied that no manifest injustice will result from our decision to dispose of this case on waiver grounds. *See LNC Invs., Inc.,* 308 F.3d at 176 n.8. Our review of the record finds ample support for the agency's adverse credibility determination, which was based in part on Ousmane's discrepant testimony regarding whether he was ever questioned by police, a crucial element of his claim.  *See Shu Wen Sun v. BIA*, 510 F.3d 377, 380 (2d Cir. 2007).  We also find no error in the agency's determination that, even

4

if credible, Ousmane's claimed social group was not cognizable under the INA.  *See Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74-76 (BIA 2007), *aff'd by Ucelo-Gomez v. Mukasey,* 509 F.3d 70, 73 (2d Cir. 2007).

Attorney Gregory C. Osakwe is warned that future briefing of this quality may result in discipline.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk