09-0604-ag
Dong v. Holder

BIA
Mulligan, IJ
A088 533 297

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand ten.

PRESENT:
        ROBERT D. SACK,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

——————————————————————————————

HANG YONG DONG,
      *Petitioner*,

      v.                     09-0604-ag
                         NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

——————————————————————————————

FOR PETITIONER:      Theodore N. Cox, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hang Yong Dong, a native and citizen of China, seeks review of a February 4, 2009 order of the BIA, affirming the April 28, 2008 decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied his applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hang Yong Dong*, No. A088 533 297 (B.I.A. Feb. 4, 2009), *aff'g* No. A088 533 297 (Immig. Ct. N.Y. City Apr. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-

2

established.  *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.   Application for Cancellation of Removal**

We lack jurisdiction to review the agency's denial of Dong's application for cancellation of removal based on his failure to establish "exceptional and extremely unusual hardship."  8 U.S.C. § 1252(a)(2)(B); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008).  While we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), "we lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction," *Barco-Sandoval*, 516 F.3d at 40.  We also lack jurisdiction to review purported constitutional claims or questions of law when the argument "merely quarrels over the correctness of the factual findings or justification for . . . discretionary choices." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).  In this case, although Dong purports to raise errors of law in the agency's decisions, in substance his arguments are not colorable or simply amount to challenges

3

of the agency's factual findings over which we lack jurisdiction. *See Barco-Sandoval*, 516 F.3d at 40; *see also Xiao Ji Chen*, 471 F.3d at 329. Accordingly, we dismiss Dong's petition for review for lack of jurisdiction to the extent that he challenges the agency's denial of his application for cancellation of removal.

**II. Applications for Asylum and Withholding of Removal**

Substantial evidence supports the agency's finding that Dong failed to establish his eligibility for asylum and withholding of removal based on the birth of his U.S. citizen children. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158-73 (2d Cir. 2008). We have previously reviewed the agency's consideration of similar evidence to that which Dong submitted in this case and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. *See id.* Accordingly, the agency reasonably denied his applications for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**III. Application for CAT Relief**

As the government contends, Dong abandons any challenge to the agency's denial of his application for CAT relief by failing to raise any such challenge in his brief to this

4

Court.  *See Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir. 1994).

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
</pre>