Seadinovski v. Holder

BIA
A079 329 253

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

DEMIR SEADINOVSKI,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-4412-ag
NAC

_____

FOR PETITIONER:     Andrew P. Johnson, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Roseanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Demir Seadinvoski, a native of Yugoslavia and a citizen of Macedonia, seeks review of the October 26, 2010, decision of the BIA denying his motion to reopen. *In re Demir Seadinovski*, No. A079 329 253 (B.I.A. Oct. 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Seadinovski's motion to reopen was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). In denying reopening, the BIA noted that Seadinovski failed to submit an asylum application with his motion as required under 8 C.F.R. § 1003.2(c)(3)(ii). Because Seadinovski fails to challenge this dispositive finding of the BIA, he has abandoned the issue. *See LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n.8 (2d Cir. 2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v.*

-2-

*Branen*, 27 F.3d 29, 30 (2d Cir. 1994))). Here, no "manifest injustice" results from the denial of Seadinovski's petition, as the relevant regulation provides that "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). As the plain language of the regulation provides, failure to comply with the requirement is a ground for denial of the motion. *See Zhen Nan Lin v. Dep't of Justice*, 459 F.3d 255, 262 (2d Cir. 2006); *see also Lin Xing Jiang v. Holder*, 639 F.3d 751, 757 (7th Cir. 2011) (holding that it was within the discretion of the BIA to deny a motion to reopen because it was not accompanied by an asylum application). Because no manifest injustice results, and this finding is a dispositive basis for the denial of the motion to reopen, we deny the petition for review. *See Steevenez v. Gonzales*, 476 F.3d 114, 118 (2d Cir. 2007)(denying petition for review because petitioner failed to challenge dispositive ground for relief).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk