10-3238-ag (L); 10-4864-ag (Con)
Turmalaj v. Holder

BIA
A096 249 363

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

ORSIN TURMALAJ,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-3238-ag (L);
10-4864-ag (Con)
NAC

_____

FOR PETITIONER:       Jon E. Jessen, New York, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Benjamin J. Zeitlin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Orsin Turmalaj, a native and citizen of the Albania, seeks review of the July 12, 2010, order of the BIA denying his motion to reopen. *In re Orsin Turmalaj*, No. A096 249 363 (B.I.A. July 12, 2010). Additionally, Turmalaj seeks review of the October 29, 2010, order of the BIA denying his motion to reconsider its July 2010 order. *In re Orsin Turmalaj*, No. A096 249 363 (B.I.A. Oct. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The BIA's denial of Turmalaj's motion to reopen was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). In denying reopening, the BIA noted that Turmalaj failed to submit an asylum application with his motion as required under 8 C.F.R. § 1003.2(c)(3)(ii). Although Turmalaj attempts to challenge this dispositive finding of the BIA in his reply brief, he failed to raise this argument in his opening brief and, consequently, abandoned the issue. *See Rodas Castro v. Holder*, 597 F.3d 93, 95 n.2 (2d Cir. 2010) (Court will not consider an argument raised for the first time in a reply brief); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n.8 (2d Cir. 2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir. 1994))). Here, no "manifest injustice" results from the denial of Turmalaj's petition, as the relevant regulation provides that "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). As the plain language of the regulation provides, failure to comply with the requirement is a ground for denial of the motion. *See Zhen Nan Lin v. Dep't of Justice*, 459 F.3d 255, 262 (2d Cir. 2006); s*ee also Lin Xing Jiang v. Holder*, 639 F.3d 751, 757 (7th Cir. 2011) (holding that it was within the discretion of the BIA to deny a motion to reopen because it was not accompanied by an asylum

application).  Because no manifest injustice results, and this finding is a dispositive basis for the denial of the motion to reopen, we deny the petition for review of the BIA's denial of Turmalaj's motion to reopen.

Furthermore, the BIA did not abuse its discretion in denying Turmalaj's motion to reconsider.  A motion to reconsider must "specify errors of fact or law in the [challenged BIA decision] and [] be supported by pertinent authority."  *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. Mukasey*, 265 F.3d 83, 90 (2d Cir. 2001).  The BIA does not abuse its discretion in denying a motion to reconsider when the movant repeats arguments the BIA has already rejected.  *See Jin Ming Liu*, 439 F.3d at 111.  Because Turmalaj merely reiterated his previously rejected arguments rather than identifying errors of fact or law in the BIA's denial of reopening, the BIA did not abuse its discretion in denying his motion for reconsideration.  *See id.*

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3