Ramanathan v. Sessions

BIA
Poczter, IJ
A205 497 194

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand seventeen.

PRESENT:
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
        GERARD E. LYNCH,
            *Circuit Judges.*
_____

ABIRAM RAMANATHAN,
        *Petitioner,*

        v.                                          16-856
                                                    NAC
JEFFREY B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Visuvanathan Rudrakumaran, New
                         York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Russell
                         J. E. Verby, Senior Litigation
                         Counsel; John D. Williams, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abiram Ramanathan, a native and citizen of Sri Lanka, seeks review of a February 24, 2016, decision of the BIA that affirmed a July 9, 2014, decision of an Immigration Judge ("IJ") denying Ramanathan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and declined to remand to the IJ. *In re Abiram Ramanathan,* No. A205 497 194 (B.I.A. Feb. 24, 2016), *aff'g* No. A205 497 194 (Immig. Ct. N.Y. City July 9, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case. Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Asylum, Withholding of Removal, and CAT Relief

The Court reviews the agency's adverse credibility determination for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may

2

base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Ramanathan was not credible as to his claim that Sri Lankan army officials detained and beat him, and would harm him in the future, based on their suspicion that he supported the Liberation Tigers of Tamil Eelam ("LTTE").

The IJ reasonably relied on Ramanathan's demeanor, finding that he was hesitant and unresponsive when questioned about record inconsistencies.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) ("the IJ has the unique advantage in making credibility findings of having heard directly from the applicant." (internal quotation marks omitted)).  That finding is supported by the record.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies

3

regarding whether Ramanathan's eldest brother disappeared, whether Sri Lankan officials injured Ramanathan's wrist or collar bone, whether Ramanathan sought medical treatment in secret or at an army-run hospital, and whether he hid at his aunt's house. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Ramanathan did not provide compelling explanations for those inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 76 (2d Cir. 2004))).

In making its adverse credibility finding, the agency reasonably relied on Ramanathan's failure to rehabilitate his claim with corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the agency noted, Ramanathan did not submit any evidence that he has an older brother, much less one who disappeared. And Ramanathan did not submit letters

4

from his father, aunt, or younger brother, all of whom live in Sri Lanka, nor did he proffer testimony or a letter from his uncle with whom he lives in the United States.

Given Ramanathan's demeanor, his inconsistent testimony, and the lack of corroborating evidence, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Ramanathan's contentions, that determination is dispositive of his claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

Ramanathan argues that the agency erred in relying on the adverse credibility determination to deny him relief because that finding did not affect his eligibility for relief based on a pattern or practice of persecution of Tamils. *See* 8 C.F.R. § 1208.13(b)(2) (providing that an applicant need not show a reasonable possibility that he would be singled out for persecution where the country of removal has a pattern or practice of persecuting individuals similarly situated to him). But that argument is not supported by the record, which reflects that his claims for relief were premised not simply on the fact that he is "a young Tamil male," but rather on the Sri Lankan

5

army's suspicion that he was a member of the LTTE. Admin. Record 144. Furthermore, the BIA did not err in finding waived Ramanathan's claim that he will likely be tortured as an asylum seeker, and thus we do not consider that claim in the first instance. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015).

Motion to Remand

Ramanathan does not challenge the BIA's denial of his motion to remand for the IJ to consider a new translation of his mother's affidavit. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n.8 (2d Cir. 2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir. 1994))). Because Ramanathan fails to challenge the BIA's denial of his motion, we deem any such arguments waived. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

No manifest injustice results from denying Ramanathan's petition to this extent on waiver grounds. As the BIA

6

concluded, the latest translation of his mother's affidavit, which he submitted in his underlying proceedings, was previously available. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (providing that a movant seeking remand for consideration of new evidence must present "material, previously unavailable evidence"). Moreover, the new translation did not resolve the inconsistencies relied on to find Ramanathan not credible. *Cf. Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding no abuse of discretion in BIA's denial of a motion when "the evidence submitted . . . was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7